IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

CHRISTIAN J. MOLLER,

    Plaintiff,

v.

SL CARLISLE, LLC
D/B/A THE CARLISLE PALM BEACH,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff CHRISTIAN J. MOLLER, by and through his undersigned counsel, hereby files this Complaint against Defendant SL CARLISLE, LLC, a foreign limited liability company d/b/a THE CARLISLE PALM BEACH and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 ("FLSA") for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is currently a resident of Palm Beach County, Florida.

5. Defendant has a principal address at 303 East Wacker Drive, Suite 2400, Chicago, Illinois 60601.

6. Defendant has several locations in Florida.

7. Plaintiff at all times worked at Defendant's location at 450 East Ocean Avenue, Lantana, Florida 33462.

8. This cause of action arose in Palm Beach County, Florida.

9. Palm Beach County, Florida is proper venue for this action because Plaintiff at all times material hereto, was employed by and had dealings with Defendant in Palm Beach County, Florida.

10. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

11. Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

12. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

13. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COMMON ALLEGATIONS

14. Plaintiff was employed with defendant from on or about October 20, 2020 up to and including his separation on April 12, 2021.

15. Plaintiff's job duties included daily food preparation, working on the food line and in different stations, ordering produce, and ensuring the kitchen was operating and functioning.

16. Plaintiff was not responsible for the hiring or firing of employees, nor did Defendant rely on Plaintiff's recommendations regarding employees or give Plaintiff's opinions regarding other employees any weight.

17. During his employment, Plaintiff estimates he worked 55 hours per week.

18. At the time of his separation, Plaintiff was making $1,211.00 per week which equates to $30.28/hour with an overtime rate of $45.42/hour.

19. Plaintiff estimates he worked 15 hours of overtime per week and is owed as follows: $45.42/hour x 15 hours overtime =$681.30/week x 26 weeks =$17,713.80.

20. Defendant failed to pay Plaintiff overtime as required under federal law.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

21. Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

22. Plaintiff was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

23. Plaintiff worked in excess of forty (40) hours per week while employed with the Defendant.

24. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

25. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

26. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

27. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

29. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury on all issues so triable.

Dated this 7th day of June 2021.

> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
>
> s/Pamela N. Jorgensen
> Pamela N. Jorgensen Esq.
> Florida Bar Number 1008151
> Primary e-mail: PJorgensen@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com

Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com